IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STORM RIVER, LLC, and SOUTHWEST
INVESTMENTS, LLC,

         Plaintiffs,

v.                                                                                                  No. 24-cv-327-WJ-JFR

JORDAN FOSTER CONSTRUCTION, LLC,

         Defendant.

## MEMORANDUM OPINION AND ORDER TO REMAND

**THIS MATTER** comes before the Court *sua sponte* following a series of recently filed Fed. R. Civ. P. 7.1(a)(2) diversity disclosure statements (**Docs. 14, 15, 22, 23, 27, 28**). On June 5, 2024, the Court entered an Order to Show Cause as to why the case should not be remanded to state court for lack of jurisdiction (**Doc. 24**). Upon review of the filings and the applicable law, the Court concludes it lacks subject matter jurisdiction and orders the case be remanded.

## BACKGROUND

In March 2024, Storm River, LLC and Southwest Investments, LLC—collectively "Plaintiffs"—filed suit against Jordan Foster Construction, LLC in the First Judicial District Court, County of Santa Fe, State of New Mexico (**Doc. 1-1**). Defendant then removed the action to federal court (**Doc. 1**) on April 4, 2024.

Approximately a month after removal, Plaintiffs filed "Corporate Disclosure Statements" (**Docs. 14 & 15**). But Plaintiffs are LLCs—so their disclosures failed to comply with Rule 7 of the Federal Rules of Civil Procedure. Accordingly, the Court held a status conference on May 30, 2024,

informing the Plaintiffs of the need to comply[1] with Fed. R. Civ. P. 7.1(a)(2). *See* **Doc. 20**. A week later, Plaintiffs filed "Amended Corporate Disclosure Statements" (**Docs. 22 & 23**). These amended disclosures: (1) still did not comply with the Rule—because the disclosures listed "residency" instead of "citizenship," and (2) listed Defendant as an owner of Storm River, LLC. *See* **Doc. 22; Doc. 23 at 1**;[2] **Doc. 24**. Despite the parties' proffers that the ownership interest does not defeat diversity, the Court does not rely on their determination as to jurisdiction. *See Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

## DISCUSSION

When jurisdiction is based upon diversity, the Court must apply state substantive law and federal procedural law. *Gilbert v. Cosco, Inc.*, 989 F.2d 399, 402 n.2 (10th Cir. 1993). But if no such rulings of the state's highest court exist, then the Court must endeavor to predict how the court would rule. *Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943, 947 (10th Cir. 2018).

Two questions inform this Court's decision to remand. First, does New Mexico law allow non-member owners of an LLC? (Neither the state legislature nor state supreme court has answered this question). Second, does an economic interest establish "ownership" or "membership"[3] under Rule

---

[1] *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

[2] "Jordan Foster Construction, LLC, a Texas limited liability company, has an economic interest ownership in Storm River, LLC of one percent (1%), but is not a member." **Doc. 23 at 1**. According to a later filed disclosure, "Defendant Jordan Foster Construction, LLC . . . owns an Economic Interest in Storm River, LLC, of one-tenth of one percent (.01%), but is not a Member." **Doc. 27 at 1–2**.

[3] Several other district courts have struggled with situations wherein one LLC sues another LLC that has an economic or equity interest in the former. *See, e.g., Ray Brown & Assocs. v. Hot Springs Senior Props., LLC*, No. 07-cv-159, 2008 U.S. Dist. LEXIS 68967 (D. Neb. May 29, 2008) (remanding due to a lack of diversity where the state's LLC act does not differentiate between membership and ownership); *Gibraltar Ky. Dev., L.L.C. v. Cantrell*, No. 07-cv-229, 2008 U.S. Dist. LEXIS 32233 (E.D. Ky. Apr. 17, 2008) (noting diversity was lacking because Defendant owned a portion of Plaintiff's LLC); *Banning Healthcare Inv., LLC v. Ventas, Inc.*, No. 15-cv-704, 2016 U.S. Dist. LEXIS 186317 (C.D. Cal. Aug. 10, 2016) ("Because Plaintiff and Defendant are both owners of the LLC," diversity is defeated); *Neo Farmaceuticals LLC v. Morrison*, No. 18-cv-613, 2019 U.S. Dist. LEXIS 246774 (N.D. Ohio Mar. 29, 2019) (remanding where "there is evidence pointing both ways" as to diversity).

7.1(a)(2)? On the latter, the Court narrowly construes the Rule—with the answer of "yes" requiring remand.

For the first question, the Court notes that the Limited Liability Company Act does not specifically contemplate an economic interest as distinct from a membership interest. *See* NMSA 1978 § 53-19-2. The Act is, however, supplemented by "the principles of law and equity." *See* NMSA 1978 § 53-19-65(B); *Stalker, P.C. v. Haynes, P.C.*, 2012 N.M. App. Unpub. LEXIS 377, at *6 (N.M. Ct. App. Oct. 30, 2012) (unpublished) (citing the New Mexico LLC Act). And the Delaware Chancery Court—arguably the preeminent court of equity—has recognized non-members of an LLC with an economic interest can have "equitable standing." *See In re Carlisle Etcetera LLC*, 114 A.3d 592, 607 (Del. Ch. 2015); *see also* Christopher M. Bruner, *The Fiduciary Enterprise of Corporate Law*, 74 WASH & LEE L. REV. 791, 809–10 (2017) (discussing the same). And if standing exists in Delaware, it follows that Defendant's economic interest in a New Mexico LLC defeats diversity.[4] For what it's worth, the Court has also surveyed the several States surrounding New Mexico—but has not found a clear consensus as to whether economic owners are[5] (or are not[6]) distinct from members.

---

[4] New Mexico has indicated it will apply Delaware law on business organization issues unless that application offends New Mexico policy. *See Lopez v. Delta Int'l Mach. Corp.*, No. 15-cv-193, 2017 U.S. Dist. LEXIS 114656 (D.N.M. July 24, 2017) (Browning, J.). Because New Mexico's Limited Liability Company Act expressly adopts principles of equity, there is nothing to indicate any offense to New Mexico policy through application of Delaware's equitable principles. It follows then that if, under Delaware law, an economic interest holder in an LLC would have sufficient standing in equity to pursue a case or controversy involving that LLC, then an economic interest of a holder—like Defendant—is also sufficient to be considered in deciding diversity of citizenship for a New Mexico LLC.

[5] Missouri's Limited Liability Company Act does not explicitly allow for non-member ownership interests in LLCs. *See* Mo. Rev. Stat. §§ 347.010–.187. Neither does Colorado's Act. *See* C.R.S. § 7-90-102. Likewise, our neighbor to the West notes that "ownership is determined from the 'totality of the evidence.'" *Vale v. Vale*, 2020 Ariz. App. Unpub. LEXIS 257, at *3 (Ariz. Ct. App. Mar. 5, 2020) (unpublished). Much the same, Texas explains that a "membership interest" in an LLC includes a share of profits or the right to receive distributions. *See Sohani v. Sunesara*, 546 S.W.3d 393, 403 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing Tex. Bus. Orgs. Code. Ann. § 1.002(54)). Oklahoma state courts also seem to have an expansive definition of ownership. *See Mattingly Law Firm, P.C. v. Henson*, 2020 OK CIV APP 19, ¶¶ 26–28, 466 P.3d 590 (Okla. Civ. App. May 10, 2019) (allowing piercing when an "equitable owner" of the LLC was a manager but not a member); *Oklahoma ex rel. Doak v. Cifelli*, No. 15-cv-539, 2017 U.S. Dist. LEXIS 5147 (W.D. Okla. Jan. 13, 2017) (noting that members, managers, and owners of an LLC can vary). As does Wyoming. *See Liberman v. Wyoming.com LLC*, 2004 WY 1, ¶ 16, 82 P.3d 274 (Wyo. 2004) (noting situations exist where a person could be an equity owner but not a member).

[6] Alternatively, Kansas's LLC statute acknowledges that an "interest" holder in an LLC may not be a member or manager. K.S.A. § 17-7663.

The Court next highlights the membership/ownership debate of the (somewhat) newly amended Rule 7.1(a)(2). The Committee Note to Rule 7.1 provides an LLC "takes on the citizenship of each of its *owners*." Fed. R. Civ. P. 7.1 (Comm. N. on Rules—2022 Amend.) (emphasis added); *see also Coleman E. Adler & Sons, L.L.C. v. Axis Surplus Ins. Co.*, 49 F.4th 894, 902 (5th Cir. 2022) (Oldham, J., concurring) (citing the amended Rule and questioning if "we have subject-matter jurisdiction"). Although the Tenth Circuit has stated an LLC "takes the citizenship of all its members," *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015), it has not addressed, cited to, or otherwise discussed Rule 7.1(a)(2) since it was amended in 2022. *See Reed Auto of Overland Park, LLC v. Landers McLarty Olathe KS, LLC*, 2023 U.S. App. LEXIS 22318 (10th Cir. Aug. 24, 2023) (unpublished); *Lazy S Ranch Props., LLC v. Valero Terminaling & Distrib. Co.*, 92 F.4th 1189 (10th Cir. 2024).

Defendant has not proved that New Mexico's Limited Liability Company Act permits non-member ownership interests in LLCs (**Docs. 26 & 30**). *See also* NMSA 1978 §§ 53-19-1, *et. seq.* This Court is not aware of any binding precedent defining "members" for the purposes of Rule 7.1(a)(2). *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016) (noting that the Court has "never expressly defined" the term "member," equating membership and ownership, and ruling that the citizenship of those who have a beneficial interest in the profits of a real estate investment trust must be considered in determining diversity jurisdiction). There is no answer from the New Mexico Supreme Court, Tenth Circuit, or Supreme Court as to whether an owner of an economic interest fits into the Rule. Against this backdrop, the Court highlights the truism that federal courts are courts of limited jurisdiction—and only have subject-matter jurisdiction over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173–80 (1803)). In fact, there is a presumption against federal jurisdiction. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016

4

(10th Cir. 2013). Thus, Defendant, as the removing party, bears the burden of establishing diversity. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

This Court finds that Defendant has not carried this burden. In so concluding, the Court reads the amended Rule strictly—and concludes that diversity does not exist if any member or owner of an LLC shares citizenship with the opposing party. *See, e.g., Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that for purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens"); *Kin v. Matte Projects LLC*, No. 21-cv-9317, 2023 U.S. Dist. LEXIS 76438 (S.D.N.Y. May 2, 2023) ("[A] limited liability company . . . takes on the citizenship of each of its owners."); *cf. Carden v. Arkoma Assocs.*, 494 U.S. 185, 203 (1990) (explaining noncorporate entities must establish "the citizenship of each owner").[7]

As applied here, the Court finds that Jordan Foster Construction, LLC is a citizen of Texas (**Doc. 12**); Southwest Investments, LLC is a citizen of New Mexico and Washington (**Doc. 27**); and Storm River, LLC is a citizen of: (1) New Mexico, (2) Florida, and (3) Texas (**Doc. 28**). *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (explaining the "jurisdictional facts" are determined "when the complaint is filed, not as they might be upon final judgment"). If one party is an owner of the other party, diversity does not exist. *See Celtig v. Patey*, 326 F. Supp. 3d 1299, 1306 (D. Utah June 4, 2018) (citing *Symes*, 472 F.3d at 757–59).

In the final analysis, Storm River LLC's citizenship can be determined by the citizenship of all those holding economic interests. *See Main Thirty-Nine Inv'rs, LLC v. Denes*, 2021 U.S. Dist.

---

[7] Several district courts within the Tenth Circuit have also reasoned that an LLC bears the citizenship of its members or owners. *See, e.g., SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 968 (N.D. Okla. 2017); *Navarrete v. Wiebe*, No. 13-cv-708, 2013 U.S. Dist. LEXIS 98242 (W.D. Okla. July 15, 2013); *Ottawa N. R.R., LLC v. City of Baldwin*, No. 23-cv-2363, 2023 U.S. Dist. LEXIS 205416 (D. Kan. Nov. 16, 2023) (explaining an LLC was required to allege the citizenship of "its owner"); *Macleod v. Lolcow Ltd. Liab. Corp.*, No. 22-cv-207, 2022 U.S. Dist. LEXIS 235139 (D. Wyo. Oct. 14, 2022) (explaining LLCs "take their citizenship from their members (owners).").

LEXIS 194695 (D. Kan. Oct. 8, 2021) (Lungstrum, J.). Out of an abundance of caution[8] not to act where it is not clear the Court has the requisite authority; the Court finds Defendant did not prove diversity under § 1332(a). And without diversity, the Court lacks jurisdiction.

Accordingly, this case must be remanded back to state court.

## CONCLUSION

The Court concludes that itlacks subject-matter jurisdiction over this case. 28 U.S.C. § 1447(c). It is **THEREFORE ORDERED** that this case is hereby **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate the remand.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] "[D]oubtful cases must be resolved in favor of remand." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (unpublished); *see also Common Cause v. Lewis*, 956 F.3d 246, 252 (4th Cir. 2020) (Gregory, C.J.) ("If federal jurisdiction is doubtful, a remand is necessary." (citation omitted)).